## HALE v. HERRING.

### No. 8426.

Court of Civil Appeals of Texas. Austin.

Feb. 17, 1937.

Baker & Baker, of Coleman, for appellant.

W. Marcus Weatherred, of Coleman, for appellee.

BLAIR, Justice.

Appellant Mrs. Ethel Hale, executrix of the estate of S. P. Hale, deceased, sued appellee Mrs. Eva Herring, executrix of the estate of August Herring, deceased, on a note for $427.50, executed by August Herring to S. P. Hale. Among other defenses, appellee alleged that if August Herring executed the note, he was of unsound mind and incapable of understanding the nature of the transaction at the time; and that the note was without consideration. The jury's findings on special issues sustained these two defenses, and judgment was accordingly rendered for appellee.

Appellant contends that the trial court should have sustained a special exception to the answer of appellee, because it did not allege the dates intoxicating extracts were sold by Hale to Herring, in violation of the prohibition laws, and for which it was alleged the note was given. The jury found that the note was not given in payment of such extracts, and therefore the ruling on the exception became immaterial.

Appellant complains of the failure of the trial court to submit special issue No. 1 requested by appellant, as follows: "At the time of signing said note, did August Herring have sufficient mental capacity to know and understand the nature and probable consequences of his acts at the said time?"

The court submitted as special issue No. 2, the following: "Do you find from a preponderance of the evidence, that, at the time August Herring signed said note, if you have found that he did sign said note, that said August Herring did not have sufficient mental capacity to know and understand the nature and probable consequence of his act in signing said note?"

In this connection appellant excepted to issue No. 2 because it did not sufficiently inform the jury as to the burden of proof; that it submitted a dual issue for the jury to pass upon; and because the question submitted the negative issue as to whether Herring had sufficient mental capacity to execute the note. Neither contention is sustained.

Appellee alleged as a defense to the note that August Herring did not have sufficient mental capacity to execute it; and the issue submitted properly placed the burden upon appellee to prove that fact. The issue did not submit two questions, but one question—whether Herring had not sufficient mental capacity to know and understand the consequences of his act in signing the note. Nor is there any merit to the contention that the issue was confusing because submitted in a negative manner. The issue was submitted in the language of the defensive pleading of appellee. The mere fact that it was submitted in a negative manner, with the burden properly placed upon appellee to prove by a preponderance of the evidence the issue submitted, did not render the issue defective nor confusing.

Nor did the court err in refusing to give appellant's requested issue No. 2, reading: "Was there any consideration for the execution of the note? Answer yes or no."

The court's special issue No. 3 read: "Do you find from a preponderance of the evidence that there was no consideration for the execution of the note?" To which the jury answered, "Yes." Appellee pleaded that there was no consideration for the note, and the issue submitted simply placed the burden upon appellee to prove by a preponderance of the evidence that there was no consideration for the execution of the note and the issue properly placed the burden of proof upon appellee.

Nor do we sustain appellant's proposition that the court erred in refusing to instruct the jury to disregard argument of appellee's counsel, to the effect that appellant was not satisfied with selling the poison stuff to appellee's hus-

band, which carried him to the grave, but was in court asking appellee to pay for this stuff which Herring had paid for in checks. The motion for new trial does not complain of this argument; nor is there any bill of exception in the record which sets forth the argument that was claimed to have been made. All that is in the record is a motion of appellant which requested the trial court to instruct the jury to disregard such argument, which the trial court marked "Refused." So far as the record discloses, the trial court may have refused it because the argument did not occur as stated in the motion.

By propositions 7, 8, and 9, appellant complains of the manner of submitting special issues 4, 5, and 6 relating to the special defense pleaded that the note was executed in payment of intoxicating extracts sold by Hale to Herring, in violation of the prohibition laws. The jury concluded the special issue submitting this defense against appellee, and therefore any question concerning the mode or manner of submitting such issue became immaterial.

By several propositions, appellant complains that the evidence did not support either the finding of the jury that Herring was of unsound mind and incapable of knowing the nature and consequence of his act in signing the note; or that there was no consideration for the note. Appellant also complains of the introduction of the testimony of certain witnesses bearing upon these issues. The case presented a question of fact upon these issues. Both alienists and nonexperts testified to facts showing the mental state of Herring immediately before and immediately after the execution of the note. This evidence showed that for a number of years Hale sold Herring large quantities of intoxicating extracts for beverage purposes. That from time to time he became intoxicated. That during the last two or three months of his lifetime he drank heavily of the extracts, and was in an apparent stupor most of the time, sitting around on the streets and refusing to speak to or talk with any one. The two doctors who attended Herring testified that within about 12 days after he signed the note he was in a comatose state until his death about 12 days later; that excessive drinking of the extracts in question would render one of unsound mind; and that they regarded Herring as being of unsound mind. The members of the family of Herring testified to his excessive use of the intoxicating extracts, which so affected him as to render him in a stupor during the last few weeks of his lifetime; and that from his acts and conduct detailed they regarded him as being of unsound mind. To the same effect was the testimony of several business men of the town in which Herring resided. Under such facts and circumstances, the jury could have found that Herring was of unsound mind and incapable of understanding the consequences of his act in signing the note.

On the issue of want of consideration the record showed that August Herring owned 4,100 acres of land, 2,000 sheep, quite a few cattle, $750 of Liberty bonds, and had on deposit $1,860 in two banks, more than $1,600 of which was in a bank located within 100 feet of the drug store of S. P. Hale, where Hale was shown to have sold Herring from time to time large quantities of intoxicating extracts, which during the last two or three months of his life so affected him as to render him in a stupor most of the time. The evidence also showed that Herring owed no debts, and that he had an unlimited checking account on the bank, which was only two store doors from the drug store of Hale, at the time Herring executed the note in question. Hale refused the request of appellee executrix to render her a statement of any account Herring may have owed him. There was no evidence that Herring ever owed Hale anything, except water bills, which were promptly paid on the first of each month in cash. Under such facts and circumstances, the jury were authorized to find that there was no consideration for the note.

Appellant complains of the testimony of several nonexpert witnesses as to the mental condition of Herring immediately prior to his death. They testified to certain acts and conduct of Herring from which they concluded that he was of unsound mind. Such testimony of nonexperts was admissible under well-settled rules.

The testimony of appellee executrix that Hale refused to make her a statement of any account which Herring may have owed him, tended to prove want of consideration of the note, and was admissible.

By supplemental brief, appellant contends that the trial court erred in sub-

mitting special issue No. 2 in the alternative, and that it was tantamount to the trial court's instructing the jury in such manner as to tell them the ultimate result of their answer to special issue No. 1. Special issue No. 1 simply asked the jury whether or not August Herring executed the note sued on. Following that, the trial court told the jury that if they answered special issue No. 1 in the negative, they need not answer any other issue. Appellant made no objection to this manner of submitting issue No. 2, or any of the remaining issues, but raised this question for the first time by supplemental brief filed in this court. Appellant gave the trial court no opportunity to correct this error, if it were error, and cannot now complain of it.

We find no error in the judgment of the trial court, and it will be affirmed.